# IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY ROBERT BUTLER,
Appellant,
vs.
ISIDRO BACA, WARDEN,
Respondent.

No. 76055

FILED

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
      DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Gary Robert Butler's postconviction petition for a writ of habeas corpus.[1] First Judicial District Court, Carson City; James E. Wilson, Judge.

Butler asserted that the credits he earns under NRS 209.4465 must be applied to the minimum term of his sentence, thus advancing the date that he is eligible for parole. The district court denied the petition because Butler was convicted of an offense committed after June 30, 2007. While that alone would not necessarily mean that Butler was not entitled to have his statutory credits applied to the minimum term of his sentence under NRS 209.4465(7)(b), we conclude that the district court did not err in denying the petition. In addition to the offense being committed after June 30, 2007, Butler was convicted of a category B felony (driving under the influence). NRS 209.4465(8)(d) therefore precludes respondent from applying Butler's statutory credits to the minimum term of his sentence. *See Williams v. Nev. Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260,

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

19-07784

1264 n.6 (2017) (noting NRS 209.4465(8)'s limitation on NRS 209.4465(7)(b) for certain offenses committed after the effective date of the 2007 amendments).

Butler also asserted that he was entitled to work credits because he was willing to work. Although the district court's order does not expressly address that claim, Butler's argument lacks merit as a matter of law. Work credits under NRS 209.4465(2) are subject to the discretion of the Director of the Department of Corrections. But as the Nevada Court of Appeals recently held, the Legislature clearly intended to afford that discretion to the Director only when an inmate has engaged in labor. *Vickers v. Dzurenda*, 134 Nev., Adv. Op. 91 at 3 (Ct. App. 2018). Thus, because Butler did not assert that he had engaged in any labor (to the contrary, he alleged that he had not been given a labor assignment), respondents had no discretion to allow him any credits under NRS 209.4465(2).

Having reviewed the record and for the reasons stated in this order, we conclude that the district court did not err in denying Butler's petition and therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. James E. Wilson, District Judge
      Gary Robert Butler
      Attorney General/Carson City
      Carson City Clerk